**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jeffrey Davis, Appellant.

Appellate Case No. 2013-002617

Appeal From York County
Lee S. Alford, Circuit Court Judge

Unpublished Opinion No. 2016-UP-193
Submitted February 1, 2016 – Filed May 11, 2016

**AFFIRMED**

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Megan Harrigan Jameson, both of Columbia; and Solicitor Kevin Scott Brackett, of York, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) ("The Eighth Amendment does not require strict proportionality between crime and sentence.

Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." (Kennedy, J., concurring)); *State v. Harrison*, 402 S.C. 288, 299-300, 741 S.E.2d 727, 733 (2013) ("[I]n analyzing proportionality under the Eight Amendment outside the capital context, South Carolina courts shall first determine whether a comparison between the sentence and the crime committed gives rise to an inference of gross disproportionality.  If no such inference is present, the analysis ends."); *State v. Williams*, 380 S.C. 336, 347, 669 S.E.2d 640, 646 (Ct. App. 2008) ("It is not the burden of the state to establish a national consensus approving what their citizens have voted to do; rather, it is the heavy burden of the defendant to establish a national consensus against it."); *id.* at 347-48, 669 S.E.2d at 646 ("Our courts have . . . determined stiff penalties for drug crimes do not violate the constitutional prohibition against cruel and unusual punishment."); *id.* at 348, 669 S.E.2d at 647 ("[T]he United States Supreme Court has also held a state is justified in punishing a recidivist more severely than it does a first offender.").

**AFFIRMED.**[1]

**WILLIAMS, LOCKEMY, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.